IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCENT LEUNG, on behalf of himself and all others similarly situated ) ) ) | |
| Plaintiff ) ) | |
| v. ) ) | |
| XPO LOGISTICS, INC. ) ) | |
| Defendants. ) | JURY DEMAND |

**COMPLAINT - CLASS ACTION**

**<u>INTRODUCTION</u>**

1. This action for damages and other legal and equitable remedies results from the illegal actions of XPO Logistics, Inc. (hereinafter referred to as "XPO" or "Defendant") in sending unsolicited prerecorded survey messages to Plaintiff's cellular telephone in direct contravention to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").

2. "Consumer complaints about abuses of telephone technology - for example, computerized calls to private homes - prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq*. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012)(internal citations omitted). In an effort to enforce this fundamental federal right to privacy, Plaintiff files the instant class action complaint alleging violations of the TCPA.

3. Defendant has caused Plaintiff and the putative class actual harm, not only because they were subjected to the aggravation that necessarily accompanies these messages, but also because plaintiff and the putative class have to pay their cell phone service providers for the

use of their cellular telephones and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question), § 1337, 47 U.S.C. § 227 (TCPA). Venue in this District is proper because Plaintiff resides here and Defendant transacts business here.

## PARTIES

5.  Plaintiff Vincent Leung ("Leung") is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in the district.

6.  At all times relevant, Leung was an individual residing in the State of Illinois. Leung is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

7.  Defendant XPO Logistics Inc. is, and all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

8.  XPO Logistics, Inc. is a Delaware corporation that maintains its headquarters at Five Greenwich Office Park, Greenwich, CT 06831. XPO maintains a registered agent in the state of Illinois of Registered Agent Solutions, Inc.

9.  Defendant operates under various brand names, including UX Specialized Logistics. According to its website: "The bedrock of XPO is our people: more than 10,000 employees at 201 locations operating as one company under the XPO Logistics name. Because our organization is so highly integrated, we can facilitate over 37,000 deliveries a day with a single-minded focus on world-class customer service."
http://www.xpo.com/content/our-company (last visited April 30, 2015).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

10. As noted above, in 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The plain language of section 227(b)(1)(A)(iii) of the TCPA prohibits the use of prerecorded messages to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## FACTUAL BACKGROUND

13. On April 5, 2015, Plaintiff purchased items from an IKEA store in Schaumburg, IL and opted for IKEA's next day delivery service.

14. On April 6, 2015, Plaintiff received on his cellular telephone an automated voice message and a text message from Defendant notifying him that the delivery was to take place and to confirm said delivery with Plaintiff.

15. After the delivery of his items on April 6, 2015, Plaintiff received on his cellular telephone another call from Defendant using a pre-recorded or artificial voice message. This call requested Plaintiff to complete a survey regarding Defendant's service. The prerecorded or artificial message provided the option of being connected to a live person for any

3

complaints or questions, but there was no live person on the line besides Plaintiff.

16. Plaintiff did not provide consent for XPO to call his cellular telephone using a prerecorded or artificial message.

17. Plaintiff does not take a position on the legality of Defendants pre-delivery telephone call or texts, only the prerecorded survey call placed after the delivery had been completed.

18. On information and belief, XPO sent nearly identical pre-recorded survey calls to hundreds if not thousands of persons without their prior express consent based on the size of Defendant, the nature of its business and the fact that the message was pre-recorded.

## CLASS ALLEGATIONS

19. Plaintiff defines the class, subject to amendment, as follows:

(1) All persons in the United States (2) to whose cellular telephone number (3) XPO placed a non-emergency telephone call (4) using an artificial or pre-recorded voice message to take a survey (5) within 4 years of the complaint (6) without prior express consent.

20. Plaintiff seeks to represent and is a member of the proposed Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

21. Plaintiff does not know the exact number of members in the Class, but based upon the nature of the call to plaintiff, the size of Defendant and the fact that the message was pre-recorded, Plaintiff reasonably believes that class members number at minimum in the hundreds if not thousands.

22. Plaintiff and all members of the class have been harmed by the acts of

Defendant.

23. This Class Action Complaint seeks money damages and injunctive relief.

24. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by XPO.

25. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether XPO engaged in a pattern of sending an artificial or pre-recorded voice messages to cellular telephone numbers;

    b. Whether XPO had consent without express consent to send such messages;

    c. Whether XPO thereby violated the TCPA;

26. As a person who received pre-recorded messages from XPO, without his prior express consent within the meaning of the TCPA, plaintiff asserts claims that are typical of the members of the class. Plaintiff will fairly and adequately represent and protect the interests of the class, and have no interests which are antagonistic to any member of the class.

27. Plaintiff has retained counsel experienced in handling class action claims involving violations of TCPA.

28. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate

claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

29. Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I - TCPA

30. Plaintiff incorporates the above factual allegations herein.

31. XPO made unsolicited telephone calls to the wireless telephone number of plaintiff and the other members of the class with an artificial or pre-recorded voice messages.

32. These artificial or pre-recorded messages were sent without the prior express consent of plaintiff or the class.

33. Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of Defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

34. Plaintiff and class members are also entitled to and do seek injunctive relief

prohibiting defendant's violation of the TCPA in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, the class and sub-class and against defendant for:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(1);

B. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C. Such other relief as the Court deems just and proper.

Respectfully submitted,
Vincent Leung, Plaintiff

/s/ Keith J. Keogh
Attorney for Plaintiff

Keith J. Keogh
Timothy Sostrin
Michael Hilicki
Katherine Bowen
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois   60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com


## **JURY DEMAND**

Plaintiff demands trial by jury.

/s/ Keith J. Keogh