# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiff Vincent Leung ("Leung" or "Class Plaintiff"), on behalf of himself and the Settlement Class (as defined below), on the one hand, and Defendant XPO Logistics, Inc. ("XPO"), on the other hand. The Class Plaintiff and XPO shall sometimes be collectively referred to as the "Parties."

Class Plaintiff and XPO hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all Released Claims of Class Plaintiff and the Settlement Class Members (as defined below) in the action entitled *Leung v. XPO Logistics, Inc.* pending in the United States District Court for the Northern District of Illinois, Case No. 1:15 CV 03877 (the "Action"), shall be forever and fully settled, compromised and released upon the terms and conditions contained herein.

## 1. RECITALS

**1.1** XPO Logistics, Inc. is a Delaware corporation that maintains its headquarters at Five Greenwich Office Park, Greenwich, CT 06831, and is registered to do and is doing business in Illinois, including in the Northern District, and throughout the United States.

**1.2** On May 1, 2015, Leung filed a Complaint in the United States District Court for the Northern District of Illinois alleging that XPO violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") by making prerecorded survey calls to cell phones without the prior express consent of Leung or the putative class members.

**1.3** XPO denies all claims asserted in the Action and denies all allegations of wrongdoing and liability. XPO desires to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing these proceedings.

**1.4** The Parties recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims through trial, possible appeals and ancillary actions.

The Parties also have taken into account the uncertain outcome and the risk of any litigation, especially in multi-party actions such as this proceeding, as well as the difficulties and delays inherent in such litigation.

1.5     This Agreement resulted from and is the product of extensive, good faith and arm's length settlement negotiations over many months, including numerous telephonic and in-person negotiations.  The Parties participated in private mediations before the Honorable Wayne Andersen ("Judge Andersen") of Judicial Arbitration and Mediation Services, Inc. ("JAMS") on March 16, 2016, and again on May 23, 2016, a third private mediation before the Honorable James Holderman ("Judge Holderman") of JAMS on June 23, 2017, as well as follow-up in person meetings and negotiations before reaching a resolution in principle on August 25, 2017.  The Parties submitted detailed mediation submissions to Judge Andersen and Judge Holderman setting forth their respective views as to the strengths of the case.  Additionally, at the time a settlement in principle was reached, fact discovery had been completed and expert discovery was underway.  Completed discovery included the depositions of the Plaintiff, XPO's FRCP 30(b)(6) designees, other current and former XPO employees, and XPO's expert, as well as the production of tens of thousands of pages of documents and extensive data, including numerous third-party subpoenas.

1.6     Subject to preliminary approval and final approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, and subject to the remaining provisions herein, the Parties desire a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein, and to fully, finally and forever resolve, discharge and release the claims (as set forth herein) of Class Plaintiff and the Settlement Class Members, in exchange for XPO's agreement to pay the total amount of SEVEN MILLION DOLLARS ($7,000,000), inclusive of Settlement Costs and Settlement Awards as explained and set forth below.

1.7     The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims.  This Agreement is inadmissible as evidence except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement.

**NOW THEREFORE**, it is hereby agreed by the Parties that, in consideration of the promises and covenants set forth in this Agreement and upon the entry by the Court of a final order approving the settlement and directing the implementation of the terms and conditions of the settlement as set forth in this Agreement, the Action shall be settled and compromised upon the terms and conditions contained herein.

2. <u>**DEFINITIONS**</u>

The definitions contained herein shall apply only to this Agreement and the attached Exhibits, and shall not apply to any other agreement, including, without limitation, any other settlement agreement. Nor shall they be used as evidence, except with respect to this Agreement, of the meaning of any term. Furthermore, each defined term stated in a singular form shall include the plural form, and each defined term stated in a plural form shall include the singular form. As used in this Agreement, in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

2.1    **"Action"** means *Leung v. XPO Logistics, Inc.*, pending in the United States District Court for the Northern District of Illinois, Case No. 1:15 CV 03877.

2.2    **"Agreement"** means this Class Action Settlement Agreement and Release, including Exhibits.

2.3    **"CAFA Notice"** refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

2.4    **"Claims Administrator"** means KCC, subject to approval by the Court. The Claims Administrator shall be responsible for providing the Class Notice as well as services related to administration of the Settlement.

2.5    **"Class Counsel"** means Keogh Law, Ltd.

2.6    **"Class Notice"** means any type of notice that may be utilized to notify persons in the Class of the Settlement, including one or more of the following methods: Mail Notice, Website Notice, E-Mail Notice, and any different or additional notice that might be ordered by the Court. A description of the contemplated Class Notice is provided in Section **10.2** of this Agreement.

2.7 **"Class Plaintiff"** means Plaintiff Vincent Leung.

2.8 **"Court"** means the United States District Court for the Northern District of Illinois.

2.9 **"*Cy Pres* Distribution"** means monies that may be distributed in connection with the Settlement pursuant to Section **12.3** of this Agreement. *Cy Pres* will only be distributed for uncashed or undeposited checks and only then if a second distribution to those eligible Settlement Class Members is not feasible pursuant to Section 12.3 of this Agreement.

2.10 **"Effective Date"** means the fifth (5th) business day after the last of the following events takes place:

    **(A)** All Parties, XPO's Counsel and Class Counsel have executed this Agreement;

    **(B)** The Court has entered, without material change, the Final Approval Order; and

    **(C)** The final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

2.11 **"E-Mail Notice"** means the notice provided pursuant to Section **10.2(B)** of this Agreement, substantially in the form attached as <u>Exhibit 1</u>. Email Notice will be sent to the Settlement Class Members via electronic mail, where valid email addresses are known to the Parties. The E-Mail notice shall contain a hyperlink to the Settlement Website.

2.12 **"Escrow Account"** means a non-interest bearing checking account established at a financial institution by the Claims Administrator into which monies shall be deposited as set forth by this Agreement.

2.13 **"Final Approval Hearing"** means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of fees, costs and expenses awarded to Class Counsel and the amount of the service award to Class Plaintiff.

2.14 **"Final Approval Order"** means the order and judgment that the Court enters upon finally approving the Settlement, the proposed form of which is attached as <u>Exhibit 2 </u>with the

Final Judgement attached as Exhibit 2A. "Final Approval" occurs on the date that the Court enters, without material change, the Final Approval Order.

2.15 **"Funding Date"** means the date, which is no later than fifteen (15) business days after the Effective Date, on which XPO shall cause payment to be made into the Settlement Fund account pursuant to Section **9.1** of this Agreement.

2.16 **"Judge"** shall mean any judge of the United States District Court for the Northern District of Illinois, including the Honorable Edmond E. Chang.

2.17 **"Mail Notice"** means the postcard notice that will be provided pursuant to Section **10.2(A)** of this Agreement to the Settlement Class Members, subject to approval by the Court, substantially in the form attached as Exhibit 3.

2.18 **"Notice Deadline"** shall have the meaning set forth in **Section 8.1(D)** of this Agreement.

2.19 **"Opt-Out and Objection Deadline"** shall have the meaning set forth in Sections **8.1(F)** and **13.1** of this Agreement.

2.20 **"Parties"** means Class Plaintiff and XPO.

2.21 **"Preliminary Approval Order"** means the order that the Court enters upon preliminarily approving the Settlement, the proposed form of which is attached as Exhibit 4. "Preliminary Approval" occurs on the date that the Court enters, without material change, the Preliminary Approval Order.

2.22 **"Released Claims"** means all claims to be released as set forth in Section **17** of this Agreement. The "**Releases**" means all of the releases contained in Section **17** of this Agreement.

2.23 **"Released Parties"** means and refers to Defendant XPO and each and all of its respective past, present, and future direct or indirect subsidiaries, parent companies, agents, contractors, affiliates, predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, and estates, and each of the foregoing's respective past, present, and future officers, directors, attorneys, shareholders, indemnitees,

predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, contractors, affiliates, insurers, members, agents, representatives, brokers, consultants, heirs, estates, and assigns.

2.24 **"Releasing Parties"** means the Class Plaintiff and Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, any other person or entity claiming through them and, if relevant, any co-signer, co-buyer, co-borrower or guarantors.

2.25 **"Settlement Class"** means the parties whose cellular telephone numbers are identified in the call data produced in this litigation bearing the litigation production numbers XPOLG024550 and XPOLG024553 where XPO or its subsidiary placed a pre-recorded post-delivery survey call after May 1, 2011 relating to an IKEA delivery. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family (to the extent they received a listed call) and all persons who have opted-out of the Settlement Class pursuant to the requirements set forth in Section **13.1** of this Agreement.

2.26 **"Settlement Class Member"** means any person in the Settlement Class who is not properly opted out of or is otherwise excluded from the Settlement Class.

2.27 **"Settlement"** means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

2.28 **"Settlement Award"** means a cash payment that may be available to eligible Settlement Class Members pursuant to Section **11** of this Agreement.

2.29 **"Settlement Costs"** means all costs incurred in the litigation by the Class and their attorneys, as well as all costs of administering the Settlement, and such costs shall include: (i) any award of attorneys' fees and costs to Class Counsel approved by the Court; (ii) any incentive award to Class Plaintiff approved by the Court; (iii) all costs of printing and providing notice to persons in the Settlement Class (including, but not limited to, costs for Mail Notice, Website Notice, and E-Mail Notice and any different or additional notice that might be ordered by the Court); (iv) all

costs of administering the Settlement, including, but not limited to, the cost of printing and mailing Settlement Awards and other payments and the cost of maintaining a designated post office box and/or operating the Settlement Website; and (v) the fees, expenses, and all other costs of the Claims Administrator.

**2.30** **"Settlement Fund"** means the amount of SEVEN MILLION DOLLARS ($7,000,000) to be paid by XPO as set forth in this Agreement.

**2.31** **"Settlement Termination Date"** means the date, if any, that any Party exercises its right to terminate this Agreement under the terms thereof.

**2.32** **"Settlement Website"** means the website established by the Claims Administrator to aid in the administration of the settlement.

**2.33** **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

**2.34** **"Total Payment"** means an all-inclusive payment of SEVEN MILLION, DOLLARS ($7,000,000.00), which shall be made by XPO to resolve this litigation. As set forth in this Agreement, the "Total Payment" shall be used for Settlement Costs, including any and all administration expenses, any cost associated with class notice, including mailing costs, taxes and tax-related expenses incurred by or in connection with the creation of the Settlement Fund, any attorneys' fees and costs awarded to Class Counsel by the Court, any incentive awards ordered by the Court to be paid to Class Plaintiff, and all amounts to be paid to Settlement Class Members under this Agreement. Under no circumstances shall XPO or the Released Parties be required to pay any amount in excess of the $7,000,000.00 Total Payment in order to resolve and settle the Action.

**2.35** **"Website Notice"** means the long form website notice provided on the Settlement Website pursuant to Section **10.2(B)** of this Agreement, substantially in the form attached hereto as <u>Exhibit 5</u>.

**2.36** **"XPO"** means XPO Logistics Inc. and any of its direct or indirect subsidiaries and/or parent companies, including, without limitation, XPO Last Mile, Inc., along with their

respective present and former affiliates, agents, alter egos, assigns, attorneys, contractors, directors, employees, insurers, investors, joint venturers, lenders, officers, predecessors, related entities, representatives, shareholders, subsidiaries, successors, and underwriters.

2.37    **"XPO's Counsel"** means O'Melveny & Myers LLP and Johnson & Bell Ltd.

2.38    Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement.

## 3.    SETTLEMENT PURPOSES ONLY

3.1    **General.**  This Agreement is made for the sole purpose of settlement of the Action, on a settlement class-wide basis, as well as the settlement of all related individual claims made by the Class Plaintiff.  The settlement of the Action is expressly conditioned upon the entry of a Preliminary Approval Order and a Final Approval Order by the Court.  In the event that the Court does not execute and file the Order of Final Approval, or in the event the Order of Final Approval does not become final for any reason, or is modified in any material respect, or in the event that the Final Effective Date does not occur, this Agreement shall be deemed null and void *ab initio* and shall be of no force and effect whatsoever and shall not be referred to or utilized for any purpose whatsoever.

3.2    **XPO's Position on Conditional Certification of the Settlement Class and the Rule 23(b)(3) Class.**  XPO disputes that a class would be manageable or that class issues predominate over individual ones, and denies that a litigation class properly could be certified on the claims asserted in the Action.  However, solely for purposes of avoiding the expense and inconvenience of further litigation, XPO does not oppose and hereby agrees to certification of the Settlement Class defined in Sections **2.25**, *for settlement purposes only*, pursuant to Fed. R. Civ. P. 23(b)(3).  Preliminary certification of the Settlement Class for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate, nor would XPO be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved.  If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be

void, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving XPO. No agreements made by or entered into by XPO in connection with the Settlement may be used by Class Plaintiff, any person in the Class, or any other persons to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

3.3 **Admissibility.** Additionally, this Agreement, any negotiations or proceedings related hereto, the implementation hereof, and any papers submitted in support of the motions for approval hereof (collectively, the "Settlement Proceedings") shall not be construed as or deemed to be evidence of any admission or concession by any of the Parties or any other Person regarding liability, damages, or the appropriateness of class treatment, and shall not be offered or received in evidence in any action or proceeding for any purpose whatsoever; provided, however, that this Agreement and the proceedings and motions submitted in connection with the Settlement may be presented to the Court in connection with the implementation or enforcement of this Agreement, or as may be necessary or appropriate to further the purposes sought to be achieved by this Agreement.

3.4 **Denial of Liability.** By entering into this Agreement, it is understood that the Released Parties, including XPO, do not admit and, to the contrary, expressly deny that they have breached any duty, obligation, or agreement; that they have engaged in any illegal, tortious, or wrongful activity, deny that they are liable to Releasing Parties, including Class Plaintiff, any person in the Classes or any other persons, and/or deny that any damages have been sustained by any Releasing Parties in any way arising out of or relating to the conduct alleged in the Action. XPO expressly reserves all rights to challenge Releasing Parties' claims on all factual and procedural grounds, including but not limited to the assertion of any and all defenses.

3.5 **Class Plaintiff's Belief in the Merits of the Case.** Class Plaintiff believes the claims asserted in the Action have merit and that the evidence developed to date supports those claims. This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Class Plaintiff that there is any infirmity in the claims asserted by

them, or that there is any merit whatsoever to any of the contentions and defenses that XPO has asserted.

**3.6    Class Plaintiff Recognizes the Benefit of Settlement.**    The Class Plaintiff recognizes and acknowledges, however, the expense and amount of time which would be required to continue to pursue the Action against XPO, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class.  The Class Plaintiff has concluded that it is desirable that the Action and any Released Claims be fully and finally settled and released as set forth in this Agreement.  The Class Plaintiff and Class Counsel believe that the terms and conditions set forth in this Agreement confer substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle as described herein.

**4.    JURISDICTION**

**4.1**    The Parties agree that the Court has, and shall continue to have, jurisdiction to make any orders as may be appropriate to effectuate, consummate, and enforce the terms of this Agreement, to approve awards of attorneys' fees and costs pursuant hereto, and to supervise the administration of and the distribution of money funded pursuant to this Agreement.

**5.    SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS**

**5.1    Total Payment to Settlement Class.**    XPO shall pay the total sum of **SEVEN MILLION DOLLARS ($7,000,000)** to settle the Action with the Settlement Class and obtain a Release of all Released Claims in favor of all Released Parties.  The Total Payment will be used to pay Approved Claims and any Settlement Costs.  Settlement Class Members will be eligible for a cash payment, the amount of which is dependent upon the number of Approved Claims.  In no event will XPO's payment obligations exceed the Settlement Fund.

**5.2    Amount Paid Per Class Member.**    The amount paid per Class Member shall be divided among the Settlement Class on a *pro rata* basis from the amount remaining in the Settlement Fund after deducting the Settlement Costs from the Total Payment.  There shall be a

$500 per call cap on all *pro rata* distributions. Any residual Settlement Funds will be distributed to a *cy pres* beneficiary pursuant to paragraph 12.3.

6.  **ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVES**

6.1  **Attorneys' Fees and Costs.** Class Counsel shall move the Court for an award of attorneys' fees and expenses paid from the Settlement Fund. The amount of attorneys' fees and costs approved by the Court shall be paid from the Settlement Fund and from no other source. Within five (5) days of the Funding Date and after receipt of Class Counsel's completed W-9 forms, the Claims Administrator shall pay to Class Counsel the amount of attorneys' fees, costs and expenses awarded to Class Counsel by the Court, as directed by written instructions from Class Counsel. Court approval of attorneys' fees and costs, or their amount, will not be a condition of Settlement. In addition, no interest will accrue on such amounts at any time.

6.2  **Payment to Class Plaintiff.** Class Plaintiff will also ask the Court to award him incentive payments (in addition to any *pro rata* distribution he may receive under Section **5.2**) for the time and effort he has personally invested in this Action. Within five (5) days of the Funding Date and after receipt of Class Plaintiff's completed W-9 forms, the Claims Administrator shall pay to Class Plaintiff the amount of any incentive payments awarded by the Court. In addition, no interest will accrue on such amounts at any time. Any incentive payment shall come from the Settlement Fund and from no other source.

6.3  **Settlement Independent of Award of Fees and Incentive Payments.** The payment of attorneys' fees, costs and incentive payments set forth in Section **6.1** and **6.2** are subject to and dependent upon the Court's approval. However, this Settlement is not dependent upon the Court's approving Class Plaintiff's requests for such payments or awarding the particular amounts sought by Class Plaintiff. In the event the Court declines Class Plaintiff's requests or awards less than the amounts sought in attorney's fees, costs and incentive payments, this Settlement shall continue to be effective and enforceable by the Parties.

**7.** **CONDITIONS OF SETTLEMENT**

**7.1** Performance of the obligations set forth in this Agreement is subject to all of the following material conditions:

      **(A)** Execution of this Agreement by XPO, Class Plaintiff, and Class Counsel.

      **(B)** Execution and filing by the Court of the Preliminary Approval Order.

      **(C)** Sending of the notices, described in Section **10** below.

      **(D)** Execution and filing by the Court of the Final Approval Order.

      **(E)** Execution and entry of Judgment by the Court.

**7.2** The Parties covenant and agree to cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth above, including, without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or petition for writ proceedings by third parties seeking review of any Order contemplated by this Agreement. Class Counsel represent and warrant that they have authority to take all such actions required of them pursuant to this Agreement, and that by doing so they are not in breach or violation of any agreement with any Plaintiff or any third party.

**8.** **PRELIMINARY APPROVAL OF THE SETTLEMENT**

**8.1** **Preliminary Approval Motion.** As soon as practical after the execution of this Agreement, the Parties shall move the Court for entry of the Preliminary Approval Order in substantially the same form attached as Exhibit 4. Pursuant to the motion for preliminary approval, the Parties will request that:

      **(A)** The Court conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel for the Class;

      **(B)** The Court preliminarily approve this Agreement and the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class;

      **(C)** The Court approve the form of Class Notice and find that the notice program constitutes the best notice practicable under the circumstances, provides due

and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

(D) The Court direct that notice be provided to the Settlement Class, in accordance with this Agreement, within forty-five (45) days following entry of the Preliminary Approval Order (the "Notice Deadline");

(E) The Court shall establish a procedure for any class members to object to the Settlement or exclude themselves from either class;

(F) The Court shall set a deadline sixty (60) days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself or seek to intervene (the "Opt-Out and Objection Deadline");

(G) The Court shall approve the claims process described herein for the Settlement Class;

(H) The Court shall, pending determination of whether the Settlement should be finally approved, bar and enjoin all persons in the Settlement Class, individually, and on a representative basis or other capacity, from commencing or prosecuting against any of the Released Parties in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely opt-out;

(I) The Court shall, pending final determination of whether the Settlement should be approved, stay all proceedings except those related to effectuating the Settlement; and

(J) The Court shall schedule a hearing to consider Final Approval of the Settlement, which shall be scheduled no earlier than sixty (60) days after the Opt-Out and Objection Deadline.

**8.2** **Stay/Bar of Proceedings**.  All proceedings between the Parties in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to

implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Action except as otherwise ordered by the Court, and no person in the Settlement Class or person acting or purporting to act directly or derivatively on behalf of a person may commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims, except as otherwise ordered by the Court.  The Preliminary Approval Order will contain an injunction enjoining the prosecution of the Released Claims by any person unless and until after such person is validly excluded from the Settlement Class or is not a Settlement Class Member.

9.      **SETTLEMENT CONSIDERATION**

9.1      **The Settlement Fund.**  As full and complete consideration for the Settlement as to the Settlement Class, XPO will pay the Total Payment of SEVEN MILLION DOLLARS ($7,000,000) into the Settlement Fund to fully and completely settle all claims of Class Plaintiff and the Settlement Class Members.  The Settlement Fund shall be used as described in Section **2.34**.  XPO shall deposit money into the Escrow Account as follows:  (a) XPO shall advance the amounts necessary to pay for the Notice Program and settlement administration, which advances shall be credited against the Settlement Fund; and (b) XPO shall pay the balance of the Settlement Fund into the Escrow Account within fifteen (15) business days following the Effective Date.  XPO shall not, under any circumstances or for any reason, be obligated to pay any amounts in addition to the Settlement Fund in connection with the Settlement.

10.      **ADMINISTRATION AND NOTIFICATION PROCESS**

10.1      **Claims Administrator.**  The Claims Administrator shall administer the Settlement.  XPO will reasonably cooperate in the notice and administration process by providing the Claims Administrator, on a confidential basis, with access to the names, cellular telephone numbers, and mailing and e-mail addresses for persons in the Settlement Class for whom they have such information (the "Class List").  The parties will provide the Class List to the Claims Administrator within fourteen (14) days following Preliminary Approval.

**10.2     Settlement Class Notice Program For the Settlement Class.**  The Claims Administrator shall, by the Notice Deadline, provide:

(A)     **E-Mail and Mail Notice**.  The Claims Administrator will provide individual notice via e-mail for any e-mail addresses of Settlement Class Members in the Class List.  If no e-mail address is available in the Class List, or if the e-mail address available is not a valid e-mail address (e.g. ikea@ikea.com) or a bounce-back message is received, individual notice will be sent via postcard to the mailing addresses of Settlement Class Members in the Class List.  The Claims Administrator will send a second email to those Settlement Class Members that received individual notice via email two weeks after the first email is sent.  The Claims Administrator will send a final email notice to these Settlement Class Members one week prior to the Notice Deadline. The Claims Administrator shall perform skip tracing for all returned direct mail; all costs of skip tracing will be considered Settlement Costs and paid from the Settlement Fund.  The E-mail and Mail Notice shall direct recipients to the Settlement Website.  E-mail Notice shall include an active hyperlink to the Settlement Website.  The Claims Administer will provide the parties with an estimated claim rate four weeks after Settlement Class Members are given initial notice of the settlement. Depending on the then-current claims rate, the Parties will jointly determine whether the Claims Administrator will be directed to provide additional postcard notice to those Settlement Class Members who have not submitted a valid Claim Form.

(B)     **Settlement Website.** The Claims Administrator will establish and maintain the Settlement Website dedicated to the Settlement, on which will be posted the Website Notice, a copy of this Agreement, the Preliminary Approval Order, the operative Complaint, and any other materials the Parties agree to

include. These documents shall be available on the Settlement Website beginning five (5) days following the entry of the Preliminary Approval Order and remain until all of the checks disbursed are void unless otherwise ordered by the Court. The Settlement Website will also allow Settlement Class Members to update their contact information. The Claims Administrator shall secure the URL XPOtcpasettlement.com for the Settlement Website.

(C) **800 Number/IVR/Telephone Claims.** The Claims Administrator will establish and maintain an 800 number that will answer questions concerning this Agreement and allow Settlement Class Members to request a written claim form or use their Claim ID to make a claim via telephone.

(D) **CAFA Notice.** XPO shall be responsible for serving the CAFA notice required by 28 U.S.C. § 1715 to the Attorney General of the United States and the appropriate state officials within ten (10) days of the filing of the Preliminary Approval Motion.

## 11. <u>SETTLEMENT AWARDS</u>

**11.1 Awards to Settlement Class Members.** All Settlement Class Members will be entitled to a *pro rata* share of the Settlement Fund (*i.e.* a Settlement Award), which shall be paid by check, as set forth below.

**11.2 Award Estimates**. Class Counsel shall include in the Class Notices a good faith estimated range for Settlement Awards.

## 12. <u>DISTRIBUTION OF SETTLEMENT AWARDS</u>

**12.1 Settlement Award Payments.** Class Members will have the option to select Settlement Awards by either check or secure electronic payment. If no option is selected or the secure electronic payment cannot be completed, the Settlement Award shall be paid by check. The Claims Administrator shall send each eligible Settlement Class Member their Settlement Award within forty-five (45) days after the Effective Date. The Claims Administrator will perform skip

tracing and re-mailing, as necessary; all costs of such work will be considered Settlement Costs. Checks will be valid for one-hundred twenty (120) days from the date on the check. The amounts of any checks that are returned as undeliverable or that remain uncashed more than one-hundred twenty (120) days after the date on the check will be included as part of the Second Distribution (as defined below).

**12.2    Second Distribution.**  If, after the expiration date of the checks distributed pursuant to Section **12.1** above, there remains money in the Settlement Fund sufficient to pay at least ten dollars ($10.00) to each Settlement Class Member who was not a person who failed to cash his or her initial Settlement Award check, such remaining monies will be distributed on a *pro rata* basis to those Settlement Class Members (the "Second Distribution") via their previous selected method of receiving Settlement Awards.  The Second Distribution shall be made within ninety (90) days after the expiration date of the checks distributed pursuant to Section **12.1** above, and shall be paid in the same manner as the original Settlement Award.  Checks issued pursuant to the Second Distribution will be valid for one-hundred twenty (120) days from the date on the check.

**12.3    Remaining Funds.**  Subject to the provisions in Section 2.34 herein, money in the Settlement Fund that has not been distributed following the expiration of checks issued pursuant to the Second Distribution as set forth in Section **12.2** above, including money not distributed because there is not enough money in the Settlement Fund to justify a Second Distribution (the "Remaining Funds"), shall be paid as *cy pres* to the National Consumer Law Center earmarked for working to safeguard the protections of the TCPA.

## 13.    OPT-OUTS AND OBJECTIONS

**13.1    Opt-Out Requirements.**  Persons in the Settlement Class may request exclusion from the Settlement by sending a written request to the Claims Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline.  Exclusion requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the XPO

TCPA action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**13.2    Retention of Exclusions.** The Claims Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out.

**13.3    Right To Object.** Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed Settlement, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline. Any Settlement Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees and costs and/or incentive awards. Further, any Settlement Class Member who intends to appear at the Final Approval Hearing must file and serve on all Parties a Notice of Intention to Appear with the Court.

**13.4    Objection Requirements.** To be heard at the Final Approval Hearing, the Settlement Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline. The objection must also be mailed to each of the following, postmarked not later than the last day to file the objection: (i) Class Counsel – Keogh Law, Ltd., 55 W. Monroe, Ste. 3390, Chicago, Illinois 60603; and (ii) XPO's Counsel O'Melveny & Myers LLP, c/o Clay Marquez, Two Embarcadero Center, 28th Floor, San Francisco, California 94111. An objection must:

> **(A)**    Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member,

including providing the Claim ID, full name, address, the cellular telephone number called, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel;

**(B)**   Include a statement of such Settlement Class Member's specific objections; and

**(C)**   State the grounds for objection and attach any documents supporting the objection.

**13.5**   Any Settlement Class Member who objects may, but does need to, appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.  A Settlement Class Member or his or her attorney intending to make an appearance at the Fairness Hearing must:  (i) file a notice of appearance with the Court no later than twenty (20) days prior to the Fairness Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties.  Any Settlement Class Member who fails to comply with the provisions of this Section **13** shall waive and forfeit any and all rights to appear separately and/or to object, and shall be bound by all the terms of this Settlement, and by all proceedings, orders, and judgments in the litigation.

**14.**   **FINAL APPROVAL AND JUDGMENT ORDER**

**14.1**   **Final Approval.**  Following completion of the Class Notice process and within thirty (30) days following expiration of the Opt-Out and Objection Period, the Parties shall request that the Court enter the Final Approval Order in substantially the same form attached as <u>Exhibit 2</u>, which shall specifically include provisions that:

**(A)**   Finally approve the Settlement as fair, reasonable, and adequate to the Settlement Class;

**(B)**   Find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully

satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

**(C)**    Find that the Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

**(D)**    Approve the plan of distribution for the Settlement Fund and any interest accrued thereon;

**(E)**    Confirm continued certification of the Settlement Class;

**(F)**    Confirm that Class Plaintiff and the Settlement Class Members have released all Released Claims that are contemplated under this Agreement and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims that are contemplated under this Agreement against the Released Parties;

**(G)**    Dismiss on the merits and with prejudice all claims of the Settlement Class Members asserted against XPO, as well as the Action, without costs to any party, except as provided in this Agreement; and

**(H)**    Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## 15.    FINAL JUDGMENT

**15.1**    The Judgment entered at the Final Approval Hearing shall be deemed final:

**(A)**    Thirty (30) days after entry of the Final Judgment approving the Settlement if no document is filed within the time seeking appeal, review or rehearing of the judgment; or

**(B)**    If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section **14.**

16.    **DISMISSAL, NO ADMISSIONS AND PUBLICITY LIMITATIONS**

16.1    **Dismissal.**  Upon entry of the Final Approval Order, the Action shall be dismissed with prejudice as to Class Plaintiff and Settlement Class Members.

16.2    **No Admission of Liability.**  XPO expressly disclaims and denies any wrongdoing or liability whatsoever, and XPO expressly denies all liability and wrongdoing of any kind associated with the alleged claims in the operative complaints.  XPO has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action.  This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by the Released Parties of any liability or wrongdoing and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.  Nothing herein shall constitute an admission by the Released Parties that the Action is properly brought on a class or representative basis, or that classes may be certified in the Action, other than for settlement purposes.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing by or liability of the Released Parties; (ii) is or may be deemed to be or may be used in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal as an admission or evidence of any fault or omission of the Released Parties; (iii) is or may be deemed a waiver of XPO's right to challenge class certification if this Settlement for any reason does not become final; (iv) is or may be deemed to be a waiver of XPO's right to seek to enforce any arbitration provision in other cases or against persons in the Settlement Class; or (v) is or may be deemed or used as an admission of the appropriateness of these or similar claims for class certification.

16.3    **No Admission Under Federal Rule of Evidence 408.**  Pursuant to Federal Rule of Evidence 408 and any similar provisions under the laws of other states, neither this Agreement

nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as may be necessary to approve, interpret or enforce this Agreement.

**16.4    No Publicity Beyond Notice Procedures.**  Counsel and/or the parties will not make statements of any kind to any third party, with the exception of the Claims Administrator, regarding the Settlement prior to filing a motion for Final Approval with the Court.  The Parties may make public statements to the Court as necessary to obtain Preliminary or Final Approval of the Settlement, and Class Counsel will not be prohibited from communicating with any person in the Settlement Class regarding the Action or the Settlement.

## 17.    RELEASE OF CLAIMS

17.1    As of the Effective Date, Class Plaintiff, and the Settlement Class Members provide the following releases:

17.2    Class Plaintiff and each and all Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and other person claiming through any of them, will be deemed to have fully released and forever discharged XPO and the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or in equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to the Released Parties' contact or attempt to contact Settlement Class Members by placing pre-recorded or auto-dialed calls to Class Plaintiff and the Settlement Class Members' cellular phones with a pre-recorded survey, to the fullest extent that those terms are used, defined or interpreted by the TCPA or any other similar statute, relevant regulatory or administrative promulgations and

case law, including, but not limited to, claims under or for a violation of the TCPA and any other statutory or common law claim arising under the TCPA as relative to pre-recorded or auto-dialed calls placed to cellular telephones (collectively, the "Released Claims").

**17.3    Waiver of Unknown Claims.**  Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the Releases, become effective.  This Section constitutes a waiver of, without limitation as to any other applicable law, including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**17.4**    Class Plaintiff and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542, similar laws in other states, and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Class Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**17.5    Covenant Not to Sue.**  Class Plaintiff and Settlement Class Members agree and covenant, and each Settlement Class member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise assist others in

doing so, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

18.    **TERMINATION OF AGREEMENT**

18.1    **Either Side May Terminate the Agreement.**  Class Plaintiff and XPO shall each have the right to unilaterally terminate this Agreement by providing written notice of his, her, their or its election to do so ("Termination Notice") to all other Parties within ten (10) calendar days of any of the following occurrences:

      **(A)**    The Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Agreement (including entering a Final Approval Order);

      **(B)**    An appellate court reverses the Final Approval Order, unless the Agreement is reinstated without material change by the Court on remand;

      **(C)**    The Effective Date does not occur; or

      **(D)**    In the event that the number of persons in the Settlement Class who validly and timely submit opt-out requests exceeds five percent (5%) of the class, XPO, in its sole and absolute discretion, may terminate this Agreement.

18.2    **Settlement Fund Return to XPO.**  In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason including, but not limited to, Section **18.1**, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to XPO within fifteen (15) days of the event that causes the Agreement to not become effective.

18.3    **Revert to Status Quo.**  If either Class Plaintiff or XPO terminate this Agreement as provided in Section **18.1**, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement

shall be vacated. However, any payments made to the Claims Administrator for services rendered to the date of termination shall not be refunded by XPO.

## 19.   TAXES

**19.1    Qualified Settlement Fund.**  The Parties agree that the Escrow Account into which the Settlement Fund is deposited is intended to be and shall at all times constitute a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. The Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of Section **10**, including if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under § 1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). It shall be the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**19.2    Claims Administrator is "Administrator."**   For the purpose of § 1.468B of the Code and the Treasury regulations thereunder, the Claims Administrator shall be designated as the "administrator" of the Settlement Fund. The Claims Administrator shall cause to be timely and properly filed all information and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B2(k)). Such returns shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

**19.3    Taxes Paid By Administrator.**  All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon XPO or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, shall be paid by the Claims Administrator from the Settlement Fund.

**19.4    Expenses Paid from Fund.**  Any expenses reasonably incurred by the Claims Administrator in carrying out the duties described in Section **10**, including fees of tax attorneys and/or accountants, shall be paid by the Claims Administrator from the Settlement Fund.

**19.5    Responsibility for Taxes on Distribution.**  Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.  Such taxes and tax-related expenses shall not be paid from the Settlement Fund.

**19.6    XPO Is Not Responsible.**  In no event shall XPO or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Class Plaintiff, Settlement Class Members, Class Counsel or any other person or entity.

**20.    <u>MISCELLANEOUS</u>**

**20.1**    This Agreement shall be governed by the laws of the State of Illinois.

**20.2    Evidentiary Preclusion.**  In order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file the Agreement and/or the judgment in any action or proceeding that may be brought against them.

**20.3    No Construction Against Drafter.**  This Agreement was drafted jointly by the Parties and in construing and interpreting this Agreement, no provision of the Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**20.4    Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.  No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.  This Agreement may be amended or modified only by a written instrument signed by

all Parties or their successors in interest or their duly authorized representatives and approved by the Court. The provisions of the Agreement may be waived only in a writing executed by the waiving party. The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

**20.5    Authority.**  Each person executing this Agreement on behalf of any of the Parties represents that such person has the authority to execute this Agreement.

**20.6    No Assignment.**  No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

**20.7    Receipt of Advice of Counsel.**  Each Party acknowledges, agrees and specifically warrants that he or it has fully read this Agreement, including the Releases, and has received independent legal advice with respect to the advisability and legal effects of entering this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases. Each Party to this Agreement warrants that he or it is acting upon his or its independent judgment and upon the advice of his or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

**20.8    Agreement Binding on Successors in Interest.**  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

**20.9    Execution in Counterparts.**  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**20.10    Notices.**  Unless stated otherwise herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax, regular mail or FedEx, postage prepaid, as follows:

<u>As to Class Plaintiff and Settlement Class:</u>     As to XPO:

Keith J. Keogh                                   Clay Marquez, Esq.
Keogh Law, LTD.                             O'Melveny & Myers LLP
55 W. Monroe St., Ste. 3390         Two Embarcadero Center, 28th Floor
Chicago, IL 60603                          San Francisco, CA 94111

**20.11  Future Changes in Laws or Regulations.**  To the extent Congress, the Federal Communications Commission or any other relevant regulatory authority promulgates materially different requirements under the TCPA, those laws and regulatory provisions do not impact this Settlement Agreement.

**20.12  Time Periods.**  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**20.13  Resolution of Disputes.**  The Parties shall cooperate in good faith in the administration of this Settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court or a mediator upon agreement of the Parties.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed as follows:

**CLASS PLAINTIFF:**                  Dated:  ___10/12/ 2017

DocuSigned by:

*Vincent Leung*

E6E8F93061224E8...

Vincent Leung

XPO Logistics, Inc.                     Dated:  _____, 2017

By:  _____

Its:  _____

As to Class Plaintiff and Settlement Class:

As to XPO:

Keith J. Keogh
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603

Clay Marquez, Esq.
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111

**20.11 Future Changes in Laws or Regulations.** To the extent Congress, the Federal Communications Commission or any other relevant regulatory authority promulgates materially different requirements under the TCPA, those laws and regulatory provisions do not impact this Settlement Agreement.

**20.12 Time Periods.** The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**20.13 Resolution of Disputes.** The Parties shall cooperate in good faith in the administration of this Settlement. Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court or a mediator upon agreement of the Parties.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed as follows:

**CLASS PLAINTIFF:**

Dated: _____, 2017

_____

Vincent Leung

XPO Logistics, Inc.

Dated: _Oct 13_, 2017

By: _____

Its: _____

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

Keogh Law, Ltd.                                                    Dated: October 13 , 2017

By:    Keith J. Keogh

**XPO LOGISTICS, INC.'S COUNSEL**

O'Melveny & Myers LLP                                      Dated: 10/13 2017

By:    Randall W. Edwards

**<u>EXHIBIT 1</u>**

**<u>CLAIM FORM</u>**

*Leung et al v. XPO Logistics, Inc.,*
**USDC, Northern District of Illinois, Eastern Division Case No. 15-cv-03877**

_____, Settlement Administrator

**Toll-Free Number: x-xxx-xxx-xxxx**

**PO Box [_____]**

**Website: www.XxxxTCPASettlement.com**

**[_____]**

**<<mail id>>**
**<<Name1>>**
**<<Name2>>**
**<<Address1>>**
**<<Address2>>**
**<<City>><<State>><<Zip>>**

## CLAIM FORM

**TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
ALL OF THE INFORMATION BELOW AND YOU MUST SIGN THIS CLAIM FORM. IF THIS CLAIM FORM IS
SUBMITTED ONLINE, YOU MUST SUBMIT AN ELECTRONIC SIGNATURE.**

**YOUR CLAIM FORM MUST BE SUBMITTED ON OR BEFORE _____, 2017.**

1. **CLAIMANT INFORMATION:**

_____    _____    _____

FIRST NAME                          MIDDLE NAME           LAST NAME

_____

ADDRESS 1

_____

ADDRESS 2

_____    _____  _____ - _____

CITY                                                          STATE        ZIP            (optional)

_____    _____

CELLULAR TELEPHONE NUMBER(S) (where you received the call(s))    E-MAIL ADDRESS (if applicable)

2. **AFFIRMATION:**

By signing below, I declare, that the information above is true and accurate. This Claim Form may be researched and verified by XPO Logistics, Inc. and the Claims Administrator.

Signature: _____

Name (please print): _____

Date: _____

## QUESTIONS? VISIT www.XPOTCPASettlement.com OR CALL [_____] or Class Counsel at 866.726.1092.

## **EXHIBIT 2**

## **FINAL APPROVAL ORDER**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VINCENT LEUNG, on behalf of himself  and all others similarly situated,<br>Plaintiff,<br>v.<br>XPO LOGISTICS, INC.,<br>Defendant. | No. 15 CV 03877 |

**[PROPOSED] FORM OF ORDER GRANTING FINAL APPROVAL**

The Court having held a Final Approval Hearing on _____, 2018, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying a Settlement Class, (3) Approving Notice Plan and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      The Settlement Agreement and Release dated Xxxxxxx XX, 2017, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter.  The terms and definitions of this Court's Preliminary Approval Order (Dkt. No.___) are also incorporated by reference into this Final Approval Order.

2.      This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> The persons whose cellular telephone numbers are identified in the call data produced in this litigation bearing the litigation production numbers XPOLG024550 and XPOLG024553 where XPO or its subsidiary placed a pre-recorded post-delivery survey call after May 1, 2011 relating to an IKEA delivery.
>
> Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family (to the extent they received a listed call) and all persons who have opted-out of the Settlement Class.

3.      The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiff and XPO.

1

4.      The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Agreement and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5.      The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

6.      There were no objections to the Agreement *or* [For the reasons stated on the record, as well as the reasons set forth in Plaintiffs' and XPO's respective pleadings, the Court overrules all objections to the Agreement.]

7.      If Applicable [The Court finds that _____ is/are not class members and have no standing to object to the Settlement Agreement.]

8.      The Court hereby finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

9.      The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

10.     The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement.  The Claims Administrator is hereby ordered to comply with the terms of

the Agreement with respect to distribution of Settlement Awards, the Second Distribution and disposition of any Remaining Funds thereafter. Should any Remaining Funds be distributed, the Court hereby approves National Foundation for Credit Counseling and the National Consumer Law Center ("NCLC") as the *cy pres* recipients who shall receive an equal distribution. The funds to NCLC shall be earmarked for working to safeguard the protections of the TCPA. The Court finds this organization is closely aligned with the class' interests.

11.     This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

12.     As of the Effective Date, the Plaintiff and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims as fully set forth in the Agreement. In addition, any rights of Plaintiffs and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws will be terminated.

13.     The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by XPO, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order.

14.     If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class

certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class, XPO or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

15.    In the event that the Settlement fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to XPO within 15 days of the event that causes the Agreement to not become effective.

16.    In the event that any provision of the Agreement or this Final Approval Order is asserted by XPO as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

17.    By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

18.     Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)     that the Class Settlement confers substantial benefits on the Settlement Class Members;

(b)     that the value conferred on the Settlement Class is immediate and readily quantifiable (upon this Judgment becoming Final (as defined in the Agreement), Settlement Class Members who have submitted valid Settlement Claim Certification Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer Protections Act ("TCPA");

(c)     that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)     that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(e)     that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for XPO, and was negotiated in good-faith and in the absence of collusion;

(f)     that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in the amount in an amount of up to $_____ and expenses in the amount of up to $____incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

(g) that _____ member(s) of the Settlement Class has (have) submitted written objection(s) to the award of attorneys' fees and expenses;

(h)      that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Sutton v. Bernard, 5*04 F.3d 688, 691 (7th Cir. 2007) ("the attorneys for the class petition the court for compensation from the settlement or common fund created for the class's benefit").; and accordingly, Class Counsel are hereby awarded $ _____ for attorney fees and $_____ for reimbursed expenses from the balance of the Settlement Fund, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.

14.    The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $_____ for his efforts in this case. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (recognizing that "because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit"); *In re Synthroid Mkt. Litig.* ("*Synthroid I*"), 264 F.3d 722, (7th Cir. 2001) ("Incentive awards are justified when necessary to induce individuals to become named representatives.").

**IT IS SO ORDERED,**
**ADJUDGED AND DECREED.**

Dated: _____    _____
                                                          Honorable Edmond Chang

**<u>EXHIBIT 2A</u>**
**<u>JUDGMENT ORDER</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| VINCENT LEUNG, on behalf of himself and all others similarly situated, | |
| Plaintiff, | No. 15 CV 03877 |
| v. | Judge Edmond E. Chang |
| XPO LOGISTICS, INC., | |
| Defendant. | |

**[PROPOSED] FORM OF JUDGMENT DISMISSING ACTION WITH PREJUDICE**

The Court having held a Final Approval Hearing on _____, 2018, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying a Settlement Class, (3) Approving Notice Plan and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment,

It is hereby ORDERED as follows:

1. This Action is hereby Dismissed with Prejudice;

2. The Parties and Claims Administer are to effectuate the Settlement Agreement according to its terms;

3. Attorney fees and costs are awarded to Class Counsel in the amount of $_____ to be distributed by the Claims Administer from the settlement fund.

4. An incentive award is awarded to named Plaintiff, Vincent Leung, in the amount of $_____ to be distributed by the Claims Administer from the settlement fund.

5. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order and Final Judgment notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Rule 54(b).


Dated: _____ 2018          _____
                                          Honorable Edmond Chang
United State District Judge

1

**EXHIBIT 3**

**E-MAIL AND MAIL NOTICE**

# NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT
THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

### *Leung et al v. XPO Logistics, Inc.,*
**USDC, Northern District of Illinois, Eastern Division Case No. 15-cv-03877**

YOU MAY BE ENTITLED TO RECEIVE MONETARY COMPENSATION.

| | |
|---|---|
| **What is this?** | This is notice of a Proposed Settlement in a class action lawsuit. |
| **What is this lawsuit about?** | The Settlement would resolve a lawsuit brought on behalf of a putative class of individuals, alleging XPO Logistics, Inc. ("XPO") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") by making prerecorded survey calls regarding Ikea deliveries to cell phones without the prior express consent of Leung or the putative class members. XPO denies these allegations and any wrongdoing. The Court has not ruled on the merits of Plaintiffs' claims or XPO's defenses. |
| **Why am I getting this notice?** | You were identified as someone who may have received one of these survey calls based on XPO's records. |
| **What does the Settlement provide?** | XPO has agreed to pay a total of $7,000,000 into a Settlement Fund, which will pay for the cost of notice and administration of the settlement, Settlement Class members' claims, attorneys' fees and costs incurred by counsel for Plaintiffs and the Settlement Class ("Class Counsel"), a service award for Plaintiff and a charitable contribution solely for uncashed checks, if a second distribution is not feasible approved by the Court. Class Counsel estimate that a |

| | |
|---|---|
| | Settlement Class member who submits a valid claim form ("Claim Form") may receive a cash award of between $XXX to $XXX. Plaintiff will petition for service award not to exceed $X,000 each for their work in representing the Class and Class Counsel's fees up to one third of the settlement fund, not to exceed $_____ plus reasonable expenses. |
| **How can I receive a payment from the Settlement?** | To receive payment, you must complete and submit a valid Claim Form by Xxxxxx XX, 2017. You can obtain and submit a Claim Form online at www.XPOTCPASettlement.com. You can also make a claim by phone or obtain a mail-in Claim Form by calling [INSERT HOTLINE]. Mail-in Claim Forms must be sent to the Settlement Administrator at the address below. |
| **Do I have to be included in the Settlement?** | If you don't want monetary compensation from this Settlement and you want to keep the right to sue or continue to sue XPO on your own, then you must exclude yourself from the Settlement by sending a letter requesting exclusion to the Settlement Administrator by Xxxxxx XX, 2017 at the address below that contains the specific information set forth in the Settlement Website. |
| **If I don't like something about the Settlement, how do I tell the Court?** | If you don't exclude yourself from the Settlement, you can object to any part of the Settlement. You must file your written objection with the Court by Xxxxxx XX, 2017, mailed to both Class Counsel and defense counsel and containing the specific information set forth in the Settlement Website. |

| **What if I do nothing?** | If you do nothing, you will not be eligible for a payment. But you will still be a Settlement Class member and bound by the Settlement, and you will release XPO from liability. |
|---|---|
| **How do I get more information about the Settlement?** | This notice contains limited information about the Settlement. For more information, to view additional Settlement documents, and to review information regarding your opt-out and objection rights and the final approval hearing, visit www.XPOTCPASettlement.com. You can also obtain additional information, a long form notice or Claim Form by calling [INSERT NUMBER]. |

XPO LOGISTICS, INC. TCPA SETTLEMENT
SETTLEMENT ADMINISTRATOR
[INSERT CLAIMS ADMIN ADDRESS]

[CLAIM ID IN DIGITS]
[CLAIM ID IN 2D BARCODE]
Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]
[BUSINESSNAME]
[ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

**EXHIBIT 4**

**PRELIMINARY APPROVAL ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VINCENT LEUNG, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>XPO LOGISTICS, INC.,<br><br>        Defendant. | No. 15 CV 03877 |

**[PROPOSED] ORDER  (1) CONDITIONALLY CERTIFYING A SETTLEMENT
CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
(3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING**

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") of the case entitled <u>Leung et al v. XPO Logistics, Inc.</u>, United States District Court for the Northern District of Illinois Eastern Division Case No. 1:15 CV 03877 (the "Action"). The Action was brought by plaintiff Vincent Leung ("Leung" or "Class Plaintiff"), individually and on behalf of all others similarly situated, against defendant XPO Logistics, Inc ("XPO" and, together with Plaintiffs, the "Parties"). Based on this Court's review of the Parties' Settlement Agreement and Release (the "Agreement"), Plaintiffs' Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3. <u>Scope of Settlement</u>. The Agreement resolves all claims alleged in the Class Action Complaint filed in the Northern District of Illinois on May 1, 2015. <u>See</u> Dkt. 1.

4. <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. 1, 3 and 5 to the Agreement), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> The persons whose cellular telephone numbers are identified in the call data produced in this litigation bearing the litigation production numbers XPOLG024550 and XPOLG024553 where XPO or its subsidiary placed a pre-recorded post-delivery survey call after May 1, 2011 relating to an IKEA delivery. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family (to the extent they received a listed call) and all persons who have opted-out of the Settlement Class.

6. In connection with this conditional certification, the Court makes the following preliminary findings:

(a) The Settlement Class consists of hundreds of thousands of persons and is so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c) Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

(d) Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e) For purposes of determining whether the Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)     For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7.     <u>Class Representatives</u>.  The Court appoints Plaintiffs to act as the representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.     <u>Class Counsel</u>.  The Court appoints Keogh Law, Ltd. as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.     <u>Final Approval Hearing</u>.  At _____ _.m. on _____, 2018, in Room 2119, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service award to Plaintiff, should be granted, and in what amount.  No later than _____, 2017, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service award to the Plaintiff.  No later than _____, 2017, which is fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

10.     <u>Settlement Claims Administrator</u>.   KCC is hereby appointed as the Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

11.    Class Notice.  The Court approves the proposed plan for giving notice to the Settlement Class directly (using post cards) and through establishment of a Settlement Website, as more fully described in Plaintiffs' Motion and the Agreement ("Notice Plan").  The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances.  The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than _____, 2017 ("Notice Deadline").

12.     The Claims Administrator will file with the Court by no later than _____, 2017, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

13.    Opt-Out and Objection Deadline.  Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by _____, 2017, which is sixty (60) calendar days after the Notice Deadline.  Persons in the Settlement Class may not both object and opt-out.  If a person both requests to opt-out and objects, the request to opt-out will control.

14.    Exclusion from the Settlement Class.  To request exclusion from the Settlement Class, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline.  Exclusion requests must: (a) be signed by the person in the Settlement Class who is requesting exclusion; (b) include the full name, address, and account number(s) of the person in the Settlement Class requesting exclusion; and (c) include the following statement: "I/we request to be excluded from the settlement in the XPO Logistics TCPA action."  No request for exclusion will be valid unless all of the foregoing information is

included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

15.     The Claims Administrator will retain a copy of all requests for exclusion.  Not later than fourteen (14) days before the Final Approval Hearing, the Claims Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

16.     If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

17.     All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

18.     <u>Objections to the Settlement</u>.  To object to the Settlement, Class  Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline. Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following: (a) Class Counsel -- Keogh Law, Ltd., 55 W. Monroe, Ste. 3390, Chicago, Illinois 60603; and (b) XPO's Counsel –E. Clay Marquez, O'Melveny & Myers LLP, Two Embarcadero Center, 28th Floor San Francisco, California 94111.  In connection with an objection, the Class Member must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number to which survey calls were sent; (b) include a statement of such Settlement Class Member's specific objections; and (c) state the grounds for objection, as well as identify any documents

which such objector desires the Court to consider. The Court will not consider an objection unless the objection includes all of the foregoing information.

19. Any Settlement Class Member who fails to comply with Paragraph 18 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

20. For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, telephone number and last name except first letter of last name in order to protect the objector's privacy. The objector's first name and city, state and zip code, as well as the objection, will not be redacted.

21. <u>Stay of Other Proceedings</u>. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

22. Pending the final determination of whether the Settlement should be approved, Plaintiffs and all persons in the Settlement Classes are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Classes, or any person

actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who requests exclusion from the Settlement.

23.     If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Class, XPO or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

24.     In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to XPO within 15 days of the event that causes the Agreement to not become effective.

25.     <u>No Admission of Liability</u>. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an

- 8 -

admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by XPO, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and the Final Approval Order.

26.     Reasonable Procedures to Effectuate the Settlement.  Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary.  The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

27.     Schedule of Future Events.  Accordingly, the following are the deadlines by which certain events must occur:

| _____, 2017 [45 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
|---|---|
| _____, 2017 [30 days after the Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| _____, 2017 [60 days after the | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |

| | |
|---|---|
| Notice Deadline] | |
| _____, 2017<br><br>[60 days after the Notice Deadline] | Deadline for Class Members to Submit a Claim Form (Claim Period) |
| _____, 2017<br><br>[30 days after the Opt-Out and Objection Deadline] | Deadline for Parties to file the following:<br><br>(1) List of persons who made timely and proper requests for exclusion (under seal);<br>(2) Proof of Class Notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections. |
| _____, 2018 at _____ _.m.<br><br>[No earlier than 149 days from the entry of this Order] | Final Approval Hearing |

IT IS SO ORDERED.

Dated:_____          _____
                                        Hon. Edmond Chang
                                        United States District Judge

**EXHIBIT 5**

**WEBSITE NOTICE**

*Leung et al v. XPO Logistics, Inc.*
**USDC, Northern District of Illinois, Eastern Division**
**Case No. 15-cv-03877**

**If you received text messages on your cell phone from American Eagle Outfitters, Inc., you may be entitled to benefits under a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- **A proposed settlement will provide a total of $7,000,000 (the "Settlement Fund") to fully settle and release claims of whose unique cellular telephone numbers have been identified in the call data produced in this litigation bearing the litigation production numbers XPOLG024550 and XPOLG024553 where XPO or its subsidiary placed a pre-recorded post-delivery survey call after May 1, 2011 relating to an IKEA delivery (the "Settlement Class"). Persons not identified in the call data are not class members.**

- **Plaintiff alleges that these telephone calls violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"). XPO denies Plaintiff's allegations and denies any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiff's claims or XPO's defenses. By entering into the settlement, XPO has not conceded the truth or validity of any of the claims against it.**

- **The Settlement Fund shall be used to pay all amounts related to the settlement, including awards to Settlement Class members who submit a valid and timely claim form to receive payment ("Claim Form"), attorneys' fees and costs to attorneys representing Plaintiff and the Settlement Class ("Class Counsel"), any service award for Plaintiffs and the costs of notice and administration of the settlement. Class Counsel estimate that Settlement Class members who timely submit a valid Claim Form will receive between $XXX and $XXX depending on the number of valid claims received. Monies remaining in the Settlement Fund after these payments are made will be distributed to the National Consumer Law Center earmarked for working to safeguard the protections of the TCPA approved by the Court only if a second distribution is not feasible.**

- **Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or don't act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | If you submit a valid Claim Form by Xxxx XX, 2017, you will receive a payment and will give up your rights to sue XPO and/or any other released parties on a released claim. Claim Forms may be submitted by mail to _____ or through the settlement website by clicking [here] or by calling XYZ-XXXXX. |

| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment. This is the only option that allows you to pursue your own claims against XPO and/or other released parties in the future. The deadline for excluding yourself is Xxxx XX, 2017. |
| --- | --- |
| OBJECT TO THE SETTLEMENT | Write to the Court about why you believe the settlement is unfair in any respect. The deadline for objecting is Xxxx XX, 2017. To obtain a benefit from this settlement, you must still submit a Claim Form. If you submit only an objection without a Claim Form, you will not receive any benefit from the settlement and you will give up your rights to sue XPO and/or any other released parties on a released claim. |
| DO NOTHING | If you do nothing, you will not receive any monetary award and you will give up your rights to sue XPO and/or any other released parties on a released claim. |
| GO TO THE FINAL APPROVAL HEARING | Ask to speak in Court about the fairness of the settlement. To speak at the Final Approval Hearing, you must file a document including your name, address, telephone number and your signature with the Court stating your intention to appear no later than Xxxx XX, 2017. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

**BASIC INFORMATION**

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the putative class action lawsuit entitled *Leung v. XPO Logistics, Inc. et al.., No. 1:15-cv-03877 (N.D.IL.)*. Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

If you received an email or postcard describing this settlement, it is because XPO's records indicate that you may be a member of the Settlement Class. You are a member of the Settlement Class if you are one of the persons who have been identified in the call data produced in this litigation bearing the litigation production numbers XPOLG024550 and XPOLG024553 where XPO or its subsidiary placed a pre-recorded post-delivery survey call after May 1, 2011 relating to an IKEA delivery. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, and all persons who are validly excluded from the Settlement Class.

In a class action, one or more people called Class Representatives (here, Plaintiff) sue on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiff claims XPO violated the TCPA by sending pre-recorded survey calls to cellular telephones without prior express consent. XPO denies these allegations and denies any claim of wrongdoing. The Court has conditionally certified a class action for settlement purposes only. The Honorable Edmond E. Chang is in charge of this action.

The Court did not decide in favor of Plaintiff or XPO. Instead, both sides agreed to this settlement. That way, they avoid the risk and cost of a trial, and the Settlement Class members will receive compensation. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

The Court has certified a class action for settlement purposes only. The Settlement Class is defined as:

> **"Settlement Class"** means the persons whose cellular telephone numbers are identified in the call data produced in this litigation bearing the litigation production numbers XPOLG024550 and XPOLG024553 where XPO or its subsidiary placed a pre-recorded post-delivery survey call after May 1, 2011 relating to an IKEA delivery. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family (to the extent they received a listed call) and all persons who have opted-out of the Settlement Class.

"Settlement Class Member" is defined as any person in the Settlement Class who is not validly excluded from the Settlement Class. If you are still not sure whether you are included, you can visit other sections of the Settlement Website, www.XPOTCPASettlement.com, you may write to the claims administrator at XPO Logistics Telepone Consumer Protection Act Litigation., c/o _____, or you may call the Toll-Free Settlement Hotline, 1-_____, for more information.

## THE LAWYERS REPRESENTING YOU

The Court has appointed the law firms of Keogh Law, Ltd. as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

Class Counsel will ask the Court to approve payment of up to one third of the Settlement Fund, or $2,333,334, for attorneys' fees plus reasonable expenses. Class Counsel also will ask the

Court to approve payment of $X,000 to Plaintiff for their services as Class Representatives. The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**Settlement Fund**.  XPO will pay the total amount of $7,000,000 into a fund (the "Settlement Fund"), which will cover:  (1) cash payments to Settlement Class Members who submit timely and valid Claim Forms; (2) an award of attorneys' fees and costs to Class Counsel, in an amount equal to one third of the settlement fund, not to exceed $2,333,334 plus expenses, as approved by the Court; (3) service award to the Plaintiffs, in an amount not to exceed $X,000 to Plaintiff, as approved by the Court; (4) the costs of notice and administration of the Settlement; and (5) under certain circumstances as described below, a charitable contribution.

**Cash Payments**.  All Settlement Class Members are eligible to submit a Claim Form and receive a cash payment.  To submit a Claim Form, follow the procedures described under Question 11 below.

**No Portion of the Settlement Fund Will Return to XPO.**  Any money remaining in the Settlement Fund after paying all valid and timely claims to Settlement Class Members, attorneys' fees and costs to Class Counsel, any service award to Plaintiffs and the costs of notice and administration of  the settlement will be paid either:  (1) in a second distribution to Settlement Class Members who submitted valid and timely Claim Forms and whose initial payments were cashed; or (2) if there are not enough funds to justify a second distribution, the remaining funds will be donated to National Consumer Law Center earmarked for working to safeguard the protections of the TCPA.  There will only be a second distribution if there are enough funds to pay each Settlement Class Member $10.00 or more through a second distribution.  No portion of the Settlement Fund will return to XPO.

Your share of the Settlement Fund will depend on the number of valid Claim Forms that Settlement Class Members submit.  Class Counsel estimate that the amount of the cash award (while dependent upon the number of claims) may be within the range of $XXX to $XXX. **This is an estimate only.  The final cash payment amount will depend on the total number of valid and timely claims submitted by Settlement Class Members.**

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement.  This means that if the settlement is approved, you cannot rely on any Released Claim to sue or continue to sue, on your own or as part of any other lawsuit, XPO and/or any other Released Parties, as explained in the settlement agreement.  It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself from the settlement, you will agree to release XPO and any other Released Parties, as defined in the settlement agreement, from any and all claims that arise from the text messages to your cellular telephone at issue in this action.

In summary, the Release includes all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys'

fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or in equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to the Released Parties' contact or attempt to contact Settlement Class Members by placing pre-recorded or auto-dialed calls to Class Plaintiff and the Settlement Class Members' cellular phones with a pre-recorded survey, to the fullest extent that those terms are used, defined or interpreted by the TCPA or any other similar statute, relevant regulatory or administrative promulgations and case law, including, but not limited to, claims under or for a violation of the TCPA and any other statutory or common law claim arising under the TCPA as relative to pre-recorded or auto-dialed calls placed to cellular telephones (collectively, the "Released Claims").

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer. The Release does not apply to persons in the Settlement Class who timely exclude themselves.

### HOW TO OBTAIN A PAYMENT

To receive a payment, you must submit a Claim Form. You may get a Claim Form on the Settlement Website, www.XPOTCPASettlement.com, or by calling the Toll-Free Settlement Hotline, _____. **Read the instructions carefully, fill out the form completely and accurately, sign it and submit it.** To be valid, the Claim Form must be completed fully and accurately, signed and submitted timely. A Claim Form may be submitted by mail to the claims administrator at: XPO Logistics Telephone Consumer Protection Act Litigation., c/o _____, or via the Settlement Website [click here].

If you are submitting your claim via the Settlement Website or via the Toll-Free Settlement Hotline, it must be submitted no later than Xxxxx XX, 2017. If you are mailing your Claim Form to the claims administrator, it must be postmarked by that date.

### WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

The Court will hold a hearing on Xxxxx XX, 2018 to decide whether to approve the settlement. If the Court approves the settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a Claim Form will be informed of the progress of the settlement through information posted on the Settlement Website at www.XPOTCPASettlement.com. Please be patient.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue XPO or a Released Party, as defined in the settlement agreement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

To exclude yourself from the settlement, you must send an exclusion request to the claims administrator. To be valid, an exclusion request must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the XPO TCPA action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than ==Xxxxxx XX, 2017== to the claims administrator at XPO Telephone Consumer Protection Act Litigation, c/o _____.**

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) XPO Logistics or any Released Parties for the claims that this settlement resolves.

No. If you ask to be excluded, you will not be able to submit a Claim Form for a settlement payment and you cannot object to the settlement.

### OBJECTING TO THE SETTLEMENT

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement or the award of any attorneys' fees and costs and/or service award.

To object, you must make your objection in writing, stating that you object to the settlement in XPO Logistics Telephone Consumer Protection Act Litigation. To be considered by the Court, the written objection must: (i) attach documents establishing, or provide information sufficient to allow the parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number at which you received the survey call; (ii) include a statement of the specific objections; and (iii) state the grounds for objection, as well as identify any documents which the objector desires the Court to consider.

**To be considered, you must file your objections with the Court and mail your objections to the addresses below no later than ==Xxxxxx XX, 2017==.**

For Plaintiff:                                    For XPO Logistics:

Keith Keogh, Esq.                            E. Clay Marquez

Keogh Law, Ltd.                             O'Melveny & Myers LLP
55 Monroe St., 3390                         Two Embarcado Center, 28th Floor
Chicago, IL 60603                           San Francisco, CA 94111

**Even if you timely and properly object, to obtain a benefit from this settlement, you must submit a Claim Form. If you object but fail to submit a Claim Form, you will not receive any monetary award.**

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

If you do nothing, you will not receive any monetary award and you will give up your rights to sue XPO and/or any other Released Parties on a Released Claim. For information relating to what rights you are giving up, see Question 10.

## THE FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing at XX:00 a.m. on Xxxxx XX, 2018 at the United States District Court for the Northern District of Illinois Eastern Division, Room 2119, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn St., Chicago, IL 60604  At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 13 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiffs.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, it must include your name, address, telephone number and your signature. The document must be filed with the Court no later than Xxxxx, XX, 2017. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

This notice is only a summary of the proposed settlement. You can get a copy of the settlement agreement by visiting the Settlement Website, www.XPOTCPASettlement.com, or you can write to the address below or call the Toll-Free Settlement Hotline, _____. You can also call class counsel with any questions at 866.726.1092 or TCPAsettlement@keoghlaw.com.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, XPO LOGISTICS, INC. OR XPO'S COUNSEL ABOUT THE SETTLEMENT. ALSO, TELEPHONE REPRESENTATIVES WHO ANSWER CALLS MADE TO THE TOLL-FREE NUMBER ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**