SCOTT M. VOELZ (*pro hac vice*)
svoelz@omm.com
LUPE R. LAGUNA (*pro hac vice*)
llaguna@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone:   (213) 430-6000
Facsimile:    (213) 430-6407

RANDALL W. EDWARDS (*pro hac vice*)
redwards@omm.com
E. CLAY MARQUEZ (*pro hac vice*)
cmarquez@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone:   (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendant
XPO LOGISTICS, INC.,

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCENT LEUNG, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>XPO LOGISTICS, INC.,<br><br>        Defendant. | Case No. CV 15-cv-03877<br><br>**DEFENDANT XPO LOGISTICS, INC.'S RESPONSE TO MERIDITH HALSEY'S OBJECTIONS TO CLASS SETTLEMENT** |

On October 19, 2017, the Court issued an Order preliminarily approving the parties proposed class Settlement Agreement, finding that the Agreement appeared "fair, reasonable, and adequate, and within the possible range of approval." Preliminary Approval Order ¶ 4, ECF No. 142. Nothing in the lone objector's limited objection should cause the Court to deny final approval of the class settlement and to make whatever attorney's fees award the Court deems appropriate.

Objector Meridith Halsey generally objects to class counsel's potential fee award, the selection of the National Consumer Law Center ("NCLC") as the *cy pres* recipient, and the structure of the Agreement's *cy pres* provision. See Halsey Objection, ECF No. 148. XPO takes no position on Halsey's objections to class counsel's potential fee award. XPO believes the NCLC is an appropriate *cy pres* beneficiary in this case, given the nature of the claims being settled, although XPO is open to any alternatives the Court may have in this regard if the Court were to find NCLC somehow unacceptable. However, regardless of the ultimate *cy pres* beneficiary chosen, XPO disagrees with Halsey's argument that the Agreement "should be rejected in its entirety for artificially limiting class relief in favor of a [*cy pres* recipient]." Objection 14. That objection is misguided because the *cy pres* relief is a last resort and does not harm class members.

Nothing about the structure of the Agreement's *cy pres* provision undermines its fairness or the adequacy of its terms. Given the tens of thousands of claimants, and the structure of the settlement itself, it is unlikely that any meaningful funds will be provided to the *cy pres* beneficiary, making Halsey's concerns relating to the Agreement's *cy pres* provision ring hollow. *See In re Mexico Money Transfer Litig. (W. Union & Valuta)*, 164 F. Supp. 2d 1002, 1032 (N.D. Ill. 2000) (rejecting objection to *cy pres* provision because "[g]iven the size of the class, distribution of the total *cy pres* distribution to individuals would not significantly enhance the value of the settlement for any class member."). According to the latest figures from the class administrator, over 42,700 class members to date have responded to the significant notice efforts in this case and have filed a potentially valid claim, amounting to a claims rate of approximately 13.74 percent. See Second Decl. of Andrew Perry ¶ 20. Given the high number of apparently

valid claims, *cy pres* relief will be used only in the event that claimants fail to cash their checks. Accordingly, claimant payouts will constitute the overwhelming majority of the settlement disbursements. Any funds the *cy pres* recipient receives from claimants' uncashed checks will be *de minimis* in value. Indeed, given that each verified claimant made the effort to submit a claim, and provided an updated address and contact information as part of that process, it is extremely unlikely that any significant number will fail to cash a check worth over $100 when they receive it. In anticipation of such a high claim rate, Halsey "conditionally objected" to the settlement's *cy pres* provision and noted there is only a risk that significant portions of the settlement fund would be diverted away from class members if fewer than "about 9,000 claims are received." Objection 14. Thus, because the current claim data shows there are far more than 9,000 valid claims, Halsey's fears have simply not materialized. Stated differently, this is not a case were the Court should reject a settlement, negotiated at arms-length, "for artificially limiting class relief in favor of a non-party" as Halsey's Objection suggests. *Id.*

The structure of the Agreement's Second Distribution provision further belies Halsey's concerns, as it ensures that the majority of the disbursement funds will go to claimants, as opposed to a *cy pres* beneficiary. Under the terms of the Agreement, a *cy pres* distribution will only occur if there are uncashed checks **and** "if a second distribution…is not feasible." Settlement Agreement ¶ 2.9, ECF No. 139-1. Thus, if there are a significant number of uncashed disbursement checks, the claims administrator will redistribute those funds to claimants on a *pro rata* basis, and the *cy pres* recipient will receive virtually nothing.

Accordingly, XPO respectfully requests that the Court issue its Final Approval Order finding that the parties' Settlement Agreement is fair, reasonable, and adequate. Both the current claim rates and the structure of the Agreement will ensure that the class claimants receive the lion's share of the settlement fund, while distributing a minimal (if any) portion of the fund to the selected *cy pres* beneficiary. To the extent the Court determines that the NCLC is not an appropriate beneficiary, another can be selected with the Court's guidance without disrupting the entire settlement.

|   |   |
|---|---|
| 1 | |
| 2 | Respectfully submitted, |
| 3 | /s/ *Scott M. Voelz* |
| 4 | |
| 5 | Scott M. Voelz<br>svoelz@omm.com |
| 6 | Lupe R. Laguna<br>llaguna@omm.com |
| 7 | **O'MELVENY & MYERS LLP**<br>400 South Hope Street |
| 8 | Los Angeles, CA 90071<br>Tel: (213) 430-6000 |
| 9 | |
| 10 | Randall W. Edwards<br>redwards@omm.com |
| 11 | E. Clay Marquez<br>cmarquez@omm.com |
| 12 | **O'MELVENY & MYERS LLP**<br>Two Embarcadero Center, 28th Floor |
| 13 | San Francisco, CA 94111<br>Tel: (415) 984-8700 |
| 14 | |
| 15 | *Attorneys for Defendant XPO Logistics, Inc.* |

## CERTIFICATE OF SERVICE

I certify that on February 20, 2018, I electronically filed the foregoing Response via the Court's CM/ECF system, which will perfect service upon all parties in this action via their counsel of record.

                                        By:    /s/ *Scott M. Voelz*

                                                        *Attorney for Defendant*
                                                        *XPO Logistics, Inc.*